**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK ULANCH, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>GOLDMAN SACHS GROUP INC. and MORGAN STANLEY,<br><br>      Defendants. | Case No. 1:21-cv-08897-PAC |

**MAXITEC (B.V.I.) INTERNATIONAL CORP.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

FACTUAL BACKGROUND .......................................................................................................... 2

ARGUMENT .................................................................................................................................. 4

I.  MAXITEC IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE CLASS .................................................................................................................................. 4

    A.  The PSLRA Standard For Appointing Lead Plaintiff ................................................ 4

    B.  Under the PSLRA, Maxitec Should be Appointed Lead Plaintiff ............................. 5

        1.  Maxitec Filed a Timely Motion .................................................................... 6

        2.  Maxitec Has the Largest Financial Interest in the Relief Sought by the Class ................................................................................................................ 6

        3.  Maxitec Meets Rule 23's Typicality and Adequacy Requirements ............ 7

II. MAXITEC'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED ...................................................................................................... 10

CONCLUSION ............................................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**                                                                                                          Page(s)

*Baughman v. Pall Corp.*,
    250 F.R.D. 121 (E.D.N.Y. 2008) ................................................................................................5, 7

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ........................................................................................7, 8, 9

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) .................................................................................................5

*In re Fuwei Films Sec. Litig.*,
    247 F.R.D. 432 (S.D.N.Y. 2008) ........................................................................................5, 7, 8

*In re GE Sec. Litig.*,
    No. 09 Civ. 1951 (DC),
    2009 WL 2259502 (S.D.N.Y. July 29, 2009) .........................................................................7, 9

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
    No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010 (S.D.N.Y. May 19, 2011) .............................9

*Levine v. AtriCure, Inc.*,
    508 F. Supp. 2d 268 (S.D.N.Y. 2007) .........................................................................................5

*In re Millennial Media, Inc. Sec. Litig.*,
    87 F. Supp. 3d 563 (S.D.N.Y. 2015) ...........................................................................................6

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) .............................................................................................7

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
    275 F.R.D. 187 (S.D.N.Y. 2011) .................................................................................................8

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
    No. CV-09-3007 (SJF)(AKT), 2010 WL 3909331 (E.D.N.Y. Sept. 29, 2010) ..........................7

*Quan v. Advanced Battery Techs., Inc.*,
    No. 11 Civ. 2279(CM), 2011 WL 4343802 (S.D.N.Y. Sept. 9, 2011) ........................................8

*Reitan v. China Mobile Games & Entm't Grp.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014) .........................................................................................10

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
    95 F. Supp. 3d 607 (S.D.N.Y. 2015) ......................................................................................7, 8

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) .................................................................................................5

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
   780 F.3d 597 (4th Cir. 2015) ...............................................................................................11

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4) ..............................................................................................................8

Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel,
   Law360 (July 16, 2020) ......................................................................................................13

Ralph Chapoco, Calls for Lawyer Diversity Spread to Complex Class Litigation,
   Bloomberg Law (July 30, 2020) ..........................................................................................13

Maxitec (B.V.I.) International Corp. ("Maxitec") respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Private Securities Litigation Reform Act of 1995 ("PSLRA"), in support of its motion for the entry of an order: (1) appointing Maxitec as Lead Plaintiff and (2) approving Maxitec's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.[1]

## PRELIMINARY STATEMENT

The Action presently pending before this Court is brought on behalf of those who purchased or otherwise acquired ViacomCBS Inc. ("ViacomCBS" or the "Company") shares contemporaneously with Defendants Goldman Sachs Group Inc.'s ("Goldman Sachs") and Morgan Stanley's (together, with Goldman Sachs, "Defendants") unlawful trades from March 22, 2021 through and including March 29, 2021 (the "Class Period"), which seeks to recover damages caused by Defendants' violations of the Exchange Act.

With respect to the appointment of a Lead Plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most adequate plaintiff" is the person who has the "largest financial interest in the relief" and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With losses of $381,317.52, Maxitec, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. Maxitec also satisfies Rule 23's typicality and

---

[1] Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration of James M. Wilson, Jr. filed herewith.

adequacy requirements. Maxitec's claims are typical of the Class's claims because it suffered losses on its ViacomCBS investment as a result of Defendants' unlawful trades. Further, Maxitec has no conflict with the Class and will adequately protect the Class's interests given its significant stake in the litigation and its conduct to date in prosecuting the litigation, including its submission of the requisite certification and selection of experienced class counsel. Accordingly, Maxitec is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Maxitec is entitled to select, subject to the Court's approval, Lead Counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Maxitec has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Maxitec's motion should be granted in its entirety.

## FACTUAL BACKGROUND[2]

Archegos, a family investment fund, was founded and run by Sung Kook ("Bill") Hwang. Compl. ¶ 14. Defendant Goldman Sachs is a global financial services institution that served as one of Archegos' prime brokers. *Id*. ¶ 12. Defendant Morgan Stanley is a global financial services institution that served as one of Archegos' prime brokers. *Id*. ¶ 13.

In 2012, Hwang pleaded guilty to insider trading and agreed to a $44 million SEC fine. *Id*. ¶ 15. The SEC accused Hwang and his business of short-selling three Chinese bank stocks based on insider information. *Id*. The SEC also accused Hwang of receiving private shares of

---

[2] This information comes from the Class Action Complaint for Violations of Federal Securities Laws (the "Compl.") filed in this Action. ECF No. 1.

stock at a significant discount from market price and of attempting to manipulate prices in publicly traded Chinese bank stocks. *Id*. Hwang then founded the Archegos family office fund with $200 million in 2013. *Id*. ¶ 16. By 2020, the fund had assets under management of $10 billion. *Id*.

Archegos took big, concentrated positions in a variety of public stocks, including ViacomCBS, through financial instruments called "total return swaps," whereby the underlying securities are held by banks that broker the investment. *Id*. ¶¶ 17-18. The swaps allow investors such as Archegos to bet on stock price moves without owning the underlying securities. *Id*. ¶ 18. These swaps also allow investors to take huge positions while posting limited funds up front, allowing anonymity. *Id*. ¶ 19. Archegos utilized the leverage provided by its swaps strategy to gain exposure to more than $50 billion worth of securities. *Id*. ¶ 20. Several large brokerage banks, such as Defendants, each had simultaneously allowed Archegos to take on billions of dollars of exposure to volatile equities through swaps contracts. *Id*. ¶ 21.

Archegos' swaps strategy began to backfire in March of 2021 as the stock price of companies in which it had significant exposure began to sell off. *Id*. ¶ 22. On March 23, 2021, ViacomCBS announced a new $3 billion offering to help fund investments in its streaming service. *Id*. 23. ViacomCBS's announcement of this offering put significant stress on Archegos as news of the offering sparked a decline in ViacomCBS's stock price. *Id*. ¶ 24. ViacomCBS announced the pricing of the offering on March 24, 2021, with the company expecting to receive $3.06 billion in funding. *Id*. ¶ 25. On March 25, 2021, Wall Street research firm MoffettNathanson published a report questioning the value of ViacomCBS and downgrading the stock to a "sell." *Id*. ¶ 26. After this report was released, ViacomCBS's stock lost more than half its value in less than a week. *Id*. ¶ 27.

The decline in ViacomCBS's stock price was problematic for Archegos as Archegos had been trading ViacomCBS securities on margin (*i.e.* with borrowed money). *Id.* ¶ 28. As the value of ViacomCBS stock fell, Archegos needed enough collateral to cover, or else a margin call could be triggered. *Id.* On March 27, 2021, it was reported that Archegos failed to cover, and, as a result, was forced to sell more than $20 billion of its leveraged equity positions on March 26, 2021. *Id.* ¶ 29. The fallout from Archegos' failure to cover received widespread media coverage and caused losses to other financial institutions such as Credit Suisse. *Id.* ¶¶ 29-31.

However, according to media reports, Defendants were able to avoid billions in losses by selling their positions prior to the public learnings of Archegos' failure. *Id.* ¶ 32. As a result of these sales, which were made with confidential insider information, Defendants were able to avoid staggering losses. *Id.* ¶ 33.

Through the Action, Maxitec seeks to recover for itself and absent class members the substantial losses that were suffered as a result of Defendants' fraud.

## ARGUMENT

**I.     MAXITEC IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE CLASS**

   **A.     The PSLRA Standard For Appointing Lead Plaintiff**

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as Lead Plaintiff. *See*

*Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (citing 15 U.S.C. § 78u-4(a)(3)(A)).

Under the PSLRA, the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Levine v. AtriCure, Inc.*, 508 F. Supp. 2d 268, 276-77 (S.D.N.Y. 2007) (same); *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008) (describing the PSLRA's process for determining the "most adequate plaintiff"); *In re Tronox Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009) (same).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008); *Baughman*, 250 F.R.D. at 125.

### B.   Under the PSLRA, Maxitec Should be Appointed Lead Plaintiff

As discussed below, Maxitec should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Maxitec holds the largest financial interest of any movant, and Maxitec otherwise satisfies Rule 23's typicality and adequacy requirements.

### 1. Maxitec Filed a Timely Motion

Pursuant to the PSLRA, the first plaintiff to file a complaint in the action was required to publish notice within twenty (20) days of its filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). Counsel for first-filed plaintiff Mark Ulanch published notice of the lead plaintiff deadline via *Globe Newswire* on October 29, 2021. *See* Ex. A; *see In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 567 (S.D.N.Y. 2015) (finding publication in *Globe Newswire* sufficient to satisfy the PSLRA's notice requirement). Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before December 28, 2021. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Thus, Maxitec's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Maxitec timely signed and submitted the requisite certification, identifying all of its relevant ViacomCBS trades during the Class Period, and detailing Maxitec's suitability to serve as Lead Plaintiff in this case. *See* Ex. B. The PSLRA's procedural requirements have therefore been met.

### 2. Maxitec Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit have typically looked to the following four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the

6

Class Period; and (4) the approximate losses suffered by the movant. *See Fuwei*, 247 F.R.D. at 437; *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 616 (S.D.N.Y. 2015); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Baughman*, 250 F.R.D. at 125; *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC) 2009 WL 2259502, at *4 (S.D.N.Y. July 29, 2009). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See, e.g.*, *Baughman*, 250 F.R.D. at 125; *In re GE*, 2009 WL 2259502, at *4; *Fuwei*, 247 F.R.D. at 437; *Topping*, 95 F. Supp. 3d at 616.

Overall, during the Class Period, Maxitec purchased 19,500 net and 33,500 total ViacomCBS shares, expended $1,175,211.52 in net funds and suffered losses of $381,317.52 attributable to the fraud. *See* Ex. B[3]. Maxitec is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3. Maxitec Meets Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV-09-3007 (SJF)(AKT), 2010 WL 3909331, at *2 (E.D.N.Y. Sept. 29, 2010); *Fuwei*, 247 F.R.D. at 436; *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

---

[3] Maxitec's PSLRA Certification is dated December 29, 2021, as Maxitec is based in Taiwan.

Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Blackmoss*, 252 F.R.D. at 191 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "However, a lead plaintiff's claims need not be identical to the claims of the class in order to satisfy the preliminary showing of typicality." *Topping*, 95 F. Supp. 3d at 623; *Fuwei*, 247 F.R.D. at 436.

Maxitec's claims are clearly typical of the Class's claims. Maxitec purchased ViacomCBS shares during the Class Period, suffered damages as a result of Defendants' unlawful trades, and therefore can assert the Class's claims against Defendants under the federal securities laws. Because the factual and legal bases of Maxitec's claims are similar to those of the Class's claims, Maxitec necessarily satisfies the typicality requirement. *See Quan v. Advanced Battery Techs., Inc.*, No. 11 Civ. 2279(CM), 2011 WL 4343802, at *3 (S.D.N.Y. Sept. 9, 2011) (finding movant typical where "he suffered losses as a result of [the company's] false and misleading statements during the same period as the other movants, plaintiffs, and potential class members, and [] he is alleging violations of the same provisions of the [Exchange Act], against the same defendants as the other parties").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of

8

the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation."); *In re GE*, 2009 WL 2259502, at *5 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel").

As evidenced by the representations in its certification, *see* Ex. B, Maxitec's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *see also Blackmoss*, 252 F.R.D. at 191 (same).

Further, Maxitec has submitted a declaration with additional information about its business, the educational and work background of its representative, and experience investing, clearly demonstrating its adequacy to represent class members. *See* Ex. C. Maxitec is a diversified investment company that was founded in 1992. *Id*. Maxitec's authorized representative has been the company's secretary since its founding and has a long history in the investment field. *Id*.

Maxitec has also selected and retained highly competent counsel to litigate the claims on behalf of itself and the Class. As explained below in Section II, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. D. Consequently, Maxitec is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Maxitec respectfully submits that it is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## II. MAXITEC'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Maxitec has selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. D; *see also Reitan v. China Mobile Games & Entm't Grp.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g., Rudani v. Ideanomics, Inc., et al.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (where, as sole lead counsel, the firm obtained preliminary approval of $5 million settlement); *In re: Revolution Lighting Technologies, Inc. Securities Litigation*, No. 1:19-cv-00980-JPO (S.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $2,083,333.33 settlement); *Sterrett v. Sonim Techs., Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (where, as sole lead counsel, the firm obtained final approval of $2 million settlement); *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2018) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharm., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2018) (where, as sole lead counsel, the Faruqi

Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01224-CRB (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 3:13-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 3:12-cv-00213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 1:13-CV-06704 (AJP) (S.D.N.Y. 2015) (where the Faruqi Firm, as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, No. 27 CV 06-8085 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 3:02-cv-5878-FLW-JJH (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 0:97-CV-5056-DRH-ETB (E.D.N.Y. 2001) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 1:98-cv-01068-LLS (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*, No. 2:01-cv-0483-

JLQ-PAL (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g., In Re Peloton Interactive, Inc. Securities Litigation*, No. 1:21-cv-02369-CBA-PK (S.D.N.Y.); *Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.); *In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG) (S.D.N.Y.) (appointed sole lead counsel for the class); *Lowthorp v. Mesa Air Group, Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (appointed as sole lead counsel for the class); *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (appointed as sole lead counsel for the class); *Liu v. Intercept Pharms. Inc.,* No. 1:17-cv-07371-LAK (S.D.N.Y.) (appointed as sole lead counsel for the class); *Lehmann v. Ohr Pharm. Inc.*, No. 1:18-cv-01284-LAP (S.D.N.Y.) (appointed as sole lead counsel for the class); *In re Synergy Pharm., Inc. Sec. Litig.*, No. 1:18-cv-00873-AMD-VMS (E.D.N.Y.) (appointed as co-lead counsel for the class); *In re CV Scis., Inc. Sec. Litig.*, No. 2:18-cv-01602-JAD-BNM (D. Nev.) (appointed as sole lead counsel for the class); *In re Amarin Corp. PLC Sec. Litig.*, No. 3:19-cv-06601-BRM-TJB (D.N.J.) (appointed as co-lead counsel for the class).

The Faruqi Firm is a minority-owned and woman-owned[4] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. The Faruqi Firm has a proven track record of successfully representing its clients in these matters and is nationally recognized for its excellence. Not only does the firm have the experience and expertise necessary to obtain

---

[4] *See* Ex. E (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business) (renewal pending).

12

significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[5] Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See* https://www.faruqilaw.com/our-attorneys. The Faruqi Firm is proud to be made up of such a diverse group of legal professionals and strongly believes that its clients are better served because of it.

## CONCLUSION

For the foregoing reasons, Maxitec respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint it as Lead Plaintiff; (3) approve its selection of the Faruqi Firm as Lead Counsel for the putative Class; and (4) grant such other relief as the Court may deem just and proper.

Dated: December 28, 2021                                   Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:   */s/ James M. Wilson, Jr.*
      James M. Wilson, Jr.

James M. Wilson, Jr.
Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330

---

[5] *See* Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, Calls for Lawyer Diversity Spread to Complex Class Litigation, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

        Facsimile: 212-983-9331
        Email: jwilson@faruqilaw.com
            rkillorin@faruqilaw.com

        *Attorneys for [Proposed] Lead Plaintiff and [Proposed] Lead Counsel for the putative Class*